# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-344(10) (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| FULTON KPENEON BADIO, | |
| Defendant. | |

Erica H. MacDonald United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Fulton K. Badio, No. 13421-059, Moshannon Valley Correctional Center, 555 Geo Drive, Philipsburg, PA 16866, *pro se* defendant.

On May 6, 2015, Defendant Fulton Kpeneon Badio pled guilty to one count of Bank Fraud pursuant to 18 U.S.C. §§ 2, 1344. On July 17, 2018, Badio filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Badio raises a claim of ineffective assistance of counsel and challenges only the restitution portion of his sentence. Because the petition is untimely, the Court will deny Badio's motion.

## BACKGROUND

On October 21, 2014, an indictment was returned charging Badio with five counts based on his alleged participation in an extensive scheme to defraud and obtain money and other property from various financial institutions: Conspiracy to Commit Bank Fraud

pursuant to 18 U.S.C. §§ 1344, 1349 (Count 1) and Bank Fraud pursuant to 18 U.S.C. §§ 2, 1344 (Counts 19, 27, 28, 32). (Indictment, Oct. 21, 2014, Docket No. 1.) On May 6, 2015, Badio pled guilty to Count 19 in the indictment. (Plea Agreement, May 6, 2015 (on file with the Court).) As part of the plea agreement, Badio admitted to his involvement in the scheme and to collecting a personal profit through his participation in it. (Presentence Investigation Report ("PSR") at 37 (on file with the Court).)

On June 1, 2017, the Court sentenced Badio to 33 months' imprisonment with three years of supervised release. (Sentencing J. at 2, June 1, 2017, Docket No. 1433.) The Court also ordered mandatory restitution in the amount of $336,894.92. (*Id.* at 6.) On June 23, 2017, the Court entered an amended judgment to correct a clerical error but left the substance of the judgment unchanged. (Am. Sentencing J., June 23, 2017, Docket No. 1443.)

Badio did not file a direct appeal. However, on July 17, 2018, he filed a pro se motion to vacate, set aside, or correct his sentence pursuant to section 2255. (Mot. to Vacate, July 17, 2018, Docket No. 1596.)

## DISCUSSION

## I. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Badio filed a motion to vacate, set aside, or correct his sentence pursuant to section 2255. Badio argues his counsel's failure to contest restitution constituted ineffective assistance of counsel. (*Id.* at 4.) He also states that counsel did not inform him of his right to appeal from the judgment of conviction. (*Id.*) Finally, Badio argues that although he

filed his section 2255 motion outside the applicable limitations period, his circumstances entitle him to equitable tolling of the statute. (Mot. in Support, July 17, 2018, Docket No. 1598.) The government responds that Badio's motion is untimely and that, even if it were timely, challenges to restitution orders are beyond the scope of section 2255. (Mot. to Dismiss Pet.'s Section 2255 Mot., Aug. 3, 2018, Docket No. 1603.)

### A.    Standard of Review

Section 2255 provides a limited opportunity for federal prisoners to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a). "Relief under § 2255 is reserved for transgressions of constitutional rights and a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### B.    Statute of Limitations

A one-year period of limitation applies to the filing of section 2255 motions. The one-year period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Badio's conviction became final on June 15, 2017, when the time for filing a notice of direct appeal expired. *See Anjulo–Lopez v. United States,* 541 F.3d 814, 816 n. 2 (8th Cir. 2008); Fed. R. App. P. 4(b)(1)(A) (setting the fourteen-day time-period for filing a notice of appeal); Fed. R. App. P. 26(a)(2) (explaining method for computing the fourteen-day limit). The amended judgment filed by the Court on June 23, 2017, did not restart the limitations period. That amendment served only to correct a clerical mistake, and therefore had no effect on the finality of the judgment or the limitations period. [1] Accordingly, the deadline for Badio to file a timely petition under section 2255 was June 15, 2018. Because Badio did not file his section 2255 motion until July 17, 2018, it is untimely.

Badio does not dispute that his motion falls outside the one-year window. Rather, he argues that the limitations period should be subject to equitable tolling. The section

---

[1] *See, e.g., United States v. Greer,* 79 F. App'x 974, 974-75 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart § 2255's limitation period).

2255 limitations period is subject to equitable tolling when the petitioner "shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling provides "an exceedingly narrow window of relief" to otherwise time-barred petitioners. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The extraordinary circumstance must be "beyond a prisoner's control," *Jackson v. Ault*, 452 F.3d 734, 736 (8th Cir. 2006), and constitute more than "a garden variety claim of excusable neglect." *Irwin v. Dep't of Vetarans Affairs*, 498 U.S. 89, 96 (1990).

Badio attributes his delay to a "lack of access to legal tools and material at the correction facility" and argues that these circumstances entitle him to equitable tolling. (Mot. in Support at 1.) The Eighth Circuit has consistently found that difficulty accessing legal tools that may arise from confinement is not the type of circumstance warranting equitable tolling. *See, e.g.*, *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted") (citing *Preston v. State of Iowa*, 221 F.3d 1343 (8th Cir. 2000) (per curiam)); *Martin v. Fayram*, 849 F.3d 691 (8th Cir. 2017) (finding that an ordinary delay in the petitioner's receipt of mail while in confinement, resulting in brief lack of access to court documents, was not an extraordinary circumstance); *Jihad*, 267 F.3d 803, 806 ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

Badio does not allege facts showing how the government's actions prevented him from filing his petition sooner or otherwise distinguishing his circumstances from those ordinarily resulting from confinement. Accordingly, even if Badio could demonstrate that he acted diligently in pursuing post-conviction relief, the facts as described would not constitute an extraordinary circumstance warranting equitable tolling of the limitations period.

### C.  Petitioner's Challenge to Restitution

Even if equitable tolling were warranted, Badio's motion would fail because his request is outside the scope of section 2255. Badio challenges only the restitution portion of his sentence. However, "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003). Since *Bernard*, the Eighth Circuit has determined that section 2255 bars even those challenges to restitution orders made pursuant to claims of ineffective assistance of counsel. *See Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013). Thus, regardless of the underlying merits of Badio's ineffective assistance of counsel claim, he may not challenge the restitution portion of his sentence under section 2255.

## II.  CERTIFICATE OF APPEALABILITY

A court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could

resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under section 2253(c)(2), the Court finds that Badio has not shown that reasonable jurists would find the issues raised in Badio's section 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Petitioner Fulton K. Badio's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 1596] is **DENIED**.

2.     The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Badio's motion.

3.     Petitioner Fulton K. Badio's Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 1598] is **DENIED** as moot.

4.     The Government's Motion to Dismiss Petitioner's § 2255 Motion [Docket No. 1603] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  November 1, 2018 _____s/John R. Tunheim_____
at Minneapolis, Minnesota. JOHN R. TUNHEIM
Chief Judge
United States District Court